**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **MANUEL GUADIAN,** on behalf of himself and all others similarly situated, § § § § § § Plaintiff § § *Versus* § § § § § **ASTORIA COMPANY MARKETING** § **LLC,** a Texas Limited Liability Company § § Defendant, § § **SCOTT THOMPSON** § § Defendant, **Jane/John Doe** Defendants. | **Civil Action No.:** 3:25-CV-22  **JURY DEMAND** |

**CLASS ACTION COMPLAINT**

1

**INTRODUCTION**

Plaintiff MANUEL GUADIAN (hereinafter "Mr. Guadian" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant ASTORIA COMPANY MARKETING LLC (hereinafter "Astoria" or "Defendant") to stop their illegal practice of placing, through its telemarketers, unsolicited phone calls in violation of the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code ("TBCC"). Mr. Guadian alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

**PARTIES**

1.   Plaintiff MANUEL GUADIAN (hereinafter "Mr. Guadian") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of himself within El Paso, Texas.

2.   Mr. Guadian may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com.

3.   Defendant ASTORIA COMPANY MARKETING LLC is a limited liability company organized and existing under the laws of Texas and can be served via its registered agent Corporation Service Company dba CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.   Defendant SCOTT THOMPSON (hereinafter "Thompson") is the CEO/Founder of Astoria Company Marketing LLC and can be served at 6487 Camp Bowie Blvd, Suit B, #630, Dublin, California 94568.

5. Upon information and belief, the unnamed party, Jane/John Doe, is an unidentified telemarketing company making unsolicited phone calls to consumers residential phone numbers nationwide at the instruction, direction, and oversight of Defendant Astoria.

## JURISDICTION AND VENUE

6. This action is brought by Mr. Guadian pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331 and has pendant jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367.

8. This Court has specific personal jurisdiction over the Defendants as they, upon information and belief, authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

9. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged himself occurred within the Western District of Texas.

## STATEMENT OF FACTS

10. Defendant Astoria is a marketing platform that generates leads for third party companies.

11. Defendant Astoria is owned and controlled by Defendant Thompson.

12. Defendant Astoria uses telemarketing phone calls to promote their products and services.

13. Upon information and belief, as part of their marketing, Defendant Astoria and Defendant Thompson contracted with Jane/John Doe to make solicitation calls to thousands of consumers' residential phone numbers on behalf of Defendant Astoria.

14. Upon information and belief, Defendants Jane/John Doe are located offshore and out of the jurisdiction of the United States and the State of Texas.

15. Mr. Guadian is, and at all times mentioned himself was a "person" as defined by 47 U.S.C. § 153(39).

16. Mr. Guadian's telephone number 8351 is a residential number.

17. Mr. Guadian's telephone number 8351 is used for personal purposes and is not associated with business.

18. Mr. Guadian's personal telephone number 8351 has been registered on the National-Do-Not-Call Registry since March 21, 2008.

19. Defendants made soliciting phone calls to Mr. Guadian's personal cell phone without Mr. Guadian's express written consent.

20. Through the months of November of 2023 to January of 2025, Mr. Guadian received at least twenty-one (21) unauthorized, unsolicited phones calls soliciting home improvement services to his personal cellular phone.

21. The phone calls Mr. Guadian is seeking relief for are stated in the chart "Table A" below.

Table A:

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 11/7/2024 | 1:01 PM | 915-895-3489 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| 2 | 11/7/2024 | 1:21 PM | 915-990-3765 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| 3 | 11/7/2024 | 3:36 PM | 915-332-0797 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| 4 | 11/7/2024 | 4:20 PM | 915-369-6013 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| 5 | 11/8/2024 | 9:17 AM | 915-990-2543 | Defendants' agent and/or telemarketer soliciting home improvement services. Plaintiff advised to stop calling. Call disconnected. |
| 6 | 11/8/2024 | 9:30 AM | 915-289-9241 | Defendants' agent and/or telemarketer soliciting home improvement services. Plaintiff advised to stop calling again after DNC request. Call disconnected. |
| 7 | 11/8/2024 | 11:01 AM | 915-944-0905 | Defendants' agent and/or telemarketer soliciting home improvement services. Plaintiff advised to stop calling once again. Call disconnected. |
| 8 | 11/8/2024 | 4:31 PM | 915-206-4161 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| 9 | 11/11/2024 | 9:29 AM | 915-444-4564 | Defendants' agent and/or telemarketer soliciting home improvement services. Plaintiff advised to stop calling once again. Call disconnected. |
| 10 | 11/12/2024 | 11:08 AM | 915-974-3427 | Defendants' agent and/or telemarketer soliciting home improvement services. Plaintiff advised to stop calling once again. Call disconnected. |
| 11 | 11/14/2024 | 10:05 AM | 915-568-3607 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| 12 | 11/15/2024 | 1:33 PM | 915-331-1753 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |

| 13 | 11/21/2024 | 8:48 AM | 915-529-0726 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| --- | --- | --- | --- | --- |
| 14 | 11/21/2024 | 4:01 PM | 915-270-9212 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| 15 | 12/10/2024 | 9:05 AM | 915-331-1495 | Defendants' agent and/or telemarketer soliciting home improvement services. Advised to stop calling once again after DNC request. Call disconnected. |
| 16 | 12/11/2024 | 2:33 PM | 915-400-9256 | Defendants' agent and/or telemarketer soliciting home improvement services. Advised to stop calling. Call disconnected. |
| 17 | 12/11/2024 | 4:37 PM | 915-207-2687 | Defendants' agent and/or telemarketer soliciting home improvement services. Advised to stop calling. Call disconnected. |
| 18 | 12/12/2024 | 9:20 AM | 915-569-2163 | Defendants' agent and/or telemarketer soliciting home improvement services. Advised to stop calling. Call disconnected. |
| 19 | 12/12/2024 | 11:38 AM | 915-236-5324 | Defendants' agent and/or telemarketer soliciting home improvement services. Advised to stop calling. Call disconnected. |
| 20 | 1/6/2025 | 3:16 PM | 915-499-7064 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |
| 21 | 1/15/2025 | 9:37 AM | 915-223-7473 | Defendants' agent and/or telemarketer soliciting home improvement services. Call disconnected. |

22.     Mr. Guadian and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering the unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**BASIS FOR LIABILITY**

23.     Plaintiff realleges paragraphs one through twenty-twenty and incorporates them herein as if set forth here in full.

6

24.     Even if Defendant Astoria or Defendant Thompson did not personally make the TCPA violating calls to Plaintiff, they are liable for the TCPA violation under the following theories of vicarious liability: Actual Authority, Apparent Authority, or Ratification.

### ACTUAL AUTHORITY

25.     Plaintiff realleges paragraphs one through twenty-four and incorporates them herein as if set forth here in full.

26.     Defendant Astoria and Defendant Thompson authorized and hired agents to generate prospective customers through illegal telemarketing phone calls.

27.     Accordingly, the FCC has explained that its "rules generally established that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* In re Rules & Regulations Implementing the TCPA, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995) (emphasis added).

28.     In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

29.     Defendants' agents solicited Plaintiff on behalf of Defendant. Accordingly, Defendants' agents had Astoria and Thompson's actual authority to solicit Plaintiff through illegal telemarketing calls.

### APPARENT AUTHORITY

30.     Plaintiff realleges paragraphs one through twenty-nine and incorporates them herein as if set forth here in full.

31. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

[A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 CC Rcd at 6592 (¶ 46).

32. Defendants Astoria and Thompson authorized its agents to generate prospective business through illegal telemarketing.

33. Defendants' agents called and solicited Plaintiff for home improvement services on behalf of Defendant Thompson and Defendant Astoria. The integration of their sales efforts was so seamless that it appeared to Plaintiff that Defendants' agents and Defendant Astoria and Defendant Thompson appeared to be acting together as the same company.

34. As a direct and proximate result of Defendants' agents illegal phone calls – which were made on behalf of and with the apparent authority of Defendants – Plaintiff suffered actual damages, including the time to answer the violating phone calls, depleted battery life, invasion of his privacy and the nuisance of receiving the phone calls.

### RATIFICATION

35. Plaintiff realleges paragraphs one through thirty-four and incorporates them herein as if set forth here in full.

36. Defendant Thompson and Defendant Astoria knowingly and actively accepts business that originated through the illegal calls placed by its agents.

37. Defendants Thompson and Defendant Astoria ratified its agent's TCPA violations by knowingly accepting the benefits of new customers and revenue despite the fact that the sale was generated through illegal phone calls.

38. Defendants further ratified its agents TCPA violations by being aware of the violations, being willfully ignorant of the violations or by being aware that such knowledge was lacking.

### CLASS ACTION ALLEGATIONS

39. Mr. Guadian incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

40. Mr. Guadian brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

41. Mr. Guadian proposes the following Class definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class: All** persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2)

telephone numbers were on the National Do Not Call Registry for at least 30 days, (3) received more than one call from or on behalf of Defendant Astoria and Defendant Thompson (4) within a 12-month period.

**Texas Business and Commerce Code Sub-Class**: All persons in Texas who, (1) within four years prior to commencement of litigation until the class is certified (2) received one or more solicitation call (3) from or on behalf of Defendant Astoria or Defendant Thompson

42.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Mr. Guadian's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

43.     Mr. Guadian and all members of the Classes have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

44.     The Class Action Complaint seeks injunctive relief and money damages.

45.     The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

46.     **Numerosity**: The exact number of the Class members is unknown and not available to Mr. Guadian, but individual joinder is impracticable. On information and belief, Defendants have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

47. **Typicality**: Mr. Guadian's claims are typical of the claims of other members of the Class, in that Mr. Guadian and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited prerecorded phone calls.

48. **Adequate Representation**: Mr. Guadian will fairly and adequately represent and protect the interests of the other members of the Class. Mr. Guadian's claims are made in a representative capacity on behalf of the other members of the Class. Mr. Guadian has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Mr. Guadian has retained competent counsel to prosecute the case on behalf of Mr. Guadian and the proposed Class. Mr. Guadian and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

49. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged himself apply to and affect the Class members uniformly, and Mr. Guadian's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Mr. Guadian.

50. **Commonality and Predominance**: These are many questions of law and fact common to the claims of Mr. Guadian and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

51. These are numerous questions of law and fact common to Mr. Guadian and to the proposed Classes, including, but not limited to, the following:

   a. Whether multiple telemarketing calls were made promoting Defendants' goods or services to members of the National Do Not Call Registry Class;

   b. Whether Defendants' conduct constitutes violations of the TCPA;

   c. Whether members of the National Do Not Call Registry Class are entitled to treble damages based on the willfulness of Defendants' conduct;

   d. Whether Defendant was registered to telephone solicit Texas residents;

   e. Whether Defendant qualified for an exemption from the telephone solicitation registration requirement;

52. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

53. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

54. Mr. Guadian, pursuant to local rules, shall move to certify this complaint as a Class Action**.**

55. Mr. Guadian will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Mr. Guadian's 'Motion to Certify.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANTS' ACTIONS**

56. Mr. Guadian realleges paragraphs one through fifty-five and incorporates them himself as if set forth his in full.

57. The calls harmed Mr. Guadian by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

58. The calls harmed Mr. Guadian by trespassing upon and interfering with his rights and interests in his cellular telephone.

59. The calls harmed Mr. Guadian by intruding upon his seclusion.

### First Cause of Action:
### Violation of the TCPA "Sales Call/DNC" Prohibition 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(C))
### (On behalf of Plaintiff and the National Do Not Call Class against All Defendants)

60. Mr. Guadian realleges paragraphs one through fifty-nine and incorporates them herein as if set forth here in full.

61.     Defendants called Mr. Guadian's private residential number which was successfully registered on the National Do Not Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

62.     Mr. Guadian was statutorily damaged at least twenty-one (21) times under 47 U.S.C. § 227(c)(3)(F) by Defendant Astoria and Defendant Thompson by the telephone calls described above, in the amount of $500.00 per call.

63.     If the Court finds that the calls were done so willfully and knowingly, Mr. Guadian requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

64.     As a result of the Defendants' violations of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2), Mr. Guadian seeks $500.00 in statutory damages, or $1500.00 if trebled, for each and every knowing and willful violation, pursuant to 47 U.S.C. § 227(c)(5).

65.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Mr. Guadian also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing calls to cellular telephone numbers without the prior express written consent of the called party.

**Second Cause of Action:**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(On behalf of Plaintiff and the Texas Subclass against All Defendants)**

66.     Mr. Guadian realleges paragraphs one through sixty-five and incorporates them herein as if set forth here in full.

67.     Defendant's placed solicitation sales calls to Mr. Guadian and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

14

68. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

69. As a result of the Defendant's violations of Texas Business and Commerce Code § 302.101, Mr. Guadian may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

70. As a result of the Defendant's violations of §302.101, Mr. Guadian seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MANUEL GUADIAN, individually and on behalf of the Class prays for the following relief:

A. An order certifying the Class as defined above, appointing Mr. Guadian as the Class representative and appointing his counsel as Class Counsel (after Plaintiff files his respective motion pursuant to this Court's local rules);

B. An order declaring that the Defendants' actions, as set out above, violate 227(c) of the TCPA;

C. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

D. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation.

E. An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

F. An injunction requiring Defendants to cease sending all unlawful calls;

G. An award of reasonable attorneys' fees and costs; and

H. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Mr. Guadian requests a trial by jury of all claims that can be so tried.

Dated this 20th day of January 2025.

Respectfully Submitted,

The Darwich Law Firm, LLC
 /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

6090 Surety Dr., #305

El Paso, TX 79905

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**